**FILED**

IN THE UNITED STATES DISTRICT COURT

**JUN 2 3 2008**

FOR THE DISTRICT OF MONTANA

PATRICK E. DUFFY, CLERK

By_____
DEPUTY CLERK, MISSOULA

MISSOULA DIVISION

| | | |
|---|---|---|
| TOMAS RAMIREZ, a/k/a PEDRO RIVERA, a/k/a DENNIS GONZALES, | ) ) ) | Cause No. CV-07-081-DWM-JCL |
| | ) | |
| Plaintiff, | ) ) | ORDER AND FINDINGS AND RECOMMENDATION |
| vs. | ) ) | OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |
| LAKE COUNTY SHERIFF DEPARTMENT, DOCTOR IRWIN, and DON BELL, | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

This matter comes before the Court on Plaintiff's Complaint filed pursuant to 42 U.S.C. § 1983. On April 17, 2008, this Court conducted an initial prescreen of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915 and § 1915A. The Court concluded that Plaintiff's Complaint failed to state a claim upon which relief could be granted. However, the Court set forth several deficiencies in Plaintiff's Complaint which could possible be cured by amendment. Accordingly, Plaintiff was given the opportunity to file an amended complaint. (Document 16, p. 4). Plaintiff filed his Amended Complaint on May 9, 2008. (Document 18). In his Amended Complaint, Plaintiff filed a request for appointment of counsel.

Accordingly, the Court will now complete the prescreening process pursuant to 28 U.S.C. § 1915 and § 1915A.

ORDER AND FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE TO DISMISS COMPLAINT - CV-07-081-M-DWM-JCL / PAGE 1

## I. STATEMENT OF THE CASE

### A.    Parties

Plaintiff is a federal prisoner currently incarcerated at the Victorville Medium Security Federal Correctional Institution in Adelanto, California. He is proceeding pro se and in forma pauperis.

In his original Complaint Plaintiff named the Lake County Sheriff's Department, Doctor Irwin and Don Bell. In his Amended Complaint, Plaintiff listed: Chuck Wall, City Judge for Lake County; Kim Christopher, state district court judge for Lake County; Robert Long, Lake County District Attorney; Larry J. Nistler, Plaintiff's criminal defense attorney; Doctor Irwin, medical chief for the Lake County Sheriff's Department and Don Bell, Tribal Officer.

### B.    Plaintiff's Allegations

In his Amended Complaint, Plaintiff repeats his allegations against Don Bell. He alleges that on April 15, 2005, Don Bell illegally arrested him and made false accusations. With regard to Dr. Irwin, Plaintiff alleges in his Amended Complaint that Dr. Irwin told him twice that he would not help Plaintiff with his liver pain. When Plaintiff suggested that he see a doctor outside of the jail, Dr. Irwin told him to speak with his attorney. At a hearing on Plaintiff's criminal matter, Judge Christopher denied Plaintiff's request to be seen by a specialist.

Plaintiff alleges that on April 18, 2005, at his arraignment, Judge Wall set his bond for $100,000. An hour later Lake County Sheriff's Officers invaded Plaintiff's girlfriend's residence, lied about having a search warrant, searched the residence and found two broken marijuana pipes.

ORDER AND FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE TO DISMISS COMPLAINT - CV-07-081-M-DWM-JCL / PAGE 2

He complains that Judge Christopher denied his request to reduce his bail.

## II. MOTION FOR APPOINTMENT OF COUNSEL

There is no constitutional right to appointed counsel in a claim under 42 U.S.C. § 1983.

*Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn on other grounds*, 154 F.3d

952, 962 (9th Cir. 1998). However, the court may appoint counsel to represent an indigent

litigant under 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)) under "exceptional

circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

> A finding of exceptional circumstances requires an evaluation of both 'the
> likelihood of success on the merits and the ability of the petitioner to articulate his
> claims pro se in light of the complexity of the legal issues involved.' Neither of
> these factors is dispositive and both must be viewed together before reaching a
> decision.

*Id*, (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (citations omitted) (§

1983 action)); *see also Smith-Bey v. Hospital Adm'r*, 841 F.2d 751, 760 (7th Cir. 1988) (Bivens

action).

Plaintiff contends that there are extreme circumstances in this case in that he is indigent,

incarcerated and English is not his language. He alleges that he always asks people to help him

with his legal paper work. He does not have legal access and does not have the legal knowledge

to represent himself. Although Plaintiff contends that he is unable to represent himself, the Court

has to take judicial notice of Plaintiff's ability to represent himself in his prior lawsuit brought in

this Court. The Court finds, based upon Plaintiff's self-representation in Civil Action 05-CV-

165-M-JCL and his filings in this matter that Plaintiff is perfectly capable of articulating his

claims pro se. Additionally, the Court has evaluated Plaintiff's claims and as set forth below is

recommending them for dismissal. As such, there is little likelihood of success on the merits of Plaintiff's claims. Plaintiff's Motion for Appointment of Counsel will be denied.

## III. ANALYSIS

Plaintiff was given specific directions on how to cure the defects in his pleading. Plaintiff failed to correct those deficiencies. As such, Plaintiff's Complaint fails to state a claim upon which relief may be granted from the named Defendants and it should be dismissed.

### A. Don Bell

The Court previously determined that the allegations against Don Bell in this matter mirror the claims he alleged against Don Bell in his first lawsuit. The Court determined that the parties were the same in both cases, the subject of the claims (Plaintiff's April 15, 2005 arrest) was the same, the issues (the legality of Plaintiff's arrest and Defendant Bell's "false accusations") were the same and the capacities of the parties was the same. Therefore, the Court determined that the Court's prior dismissal of all claims against Don Bell is res judicata to all claims brought against Don Bell in this action. For the reasons set forth in the Court's Order of April 17, 2008 (Document 16), the Court will recommend the dismissal of all claims against Don Bell should be dismissed.

### B. Dr. Irwin

In his first Complaint, Plaintiff made general allegations against Dr. Irwin stating that Dr. Irwin ignored his grievance forms, malpracticed and mistreated his care. (Document 2, p. 4, ¶ IV.A.2). Plaintiff alleged that he was denied medical attention for his Hepatitis C liver condition. He alleged that a doctor in Portland had previously diagnosed and ordered treatment

for this condition. He stated that the medical staff did not provide him with the opportunity to see someone outside the prison and told him he would only get the services he needed as opposed to the treatment he wanted. Plaintiff also alleged that he requested to see a medical doctor for "strong liver pain" but was denied help. (Document 2-2, pp. 1-2).

The Court found that those allegations against Dr. Irwin failed to state a claim for an Eighth Amendment denial of medical care claim. The Court specifically stated that Plaintiff had failed to explain what specifically Dr. Irwin had done and he failed to provide sufficient factual information regarding his denial of medical care claim in violation of Rule 8 of the Federal Rules of Civil Procedure.

Plaintiff was also advised about what the Eighth Amendment requires. Plaintiff was instructed that he needed to specifically describe the medical need which he contends was not treated at the Detention Facility and identify what treatment he did not receive. Specifically, Plaintiff was told that he needed to, "explain when and how he requested medical care from Dr. Irwin, the response to his medical requests, what care he received and what care he alleges he should have received. Finally, he must identify the harm caused by the lack of medical care." (Document 16, pp. 6-9).

In his Amended Complaint, Plaintiff stated as follows:

During the fifty-five days I was in jail, I suffered strong insupportable Liver pain, and after filling several medical request, and explained my liver condition (Hepatitis C) My treatment was dignosticated by Dr. Zaman in Portland Ore. Dr. Irwing simply told me twice "He will not help me" concerning my pain. I suggested to at least see some one outside the jail. He recommended me to talk about it with my lawyer Larry Nistler. Because according to Dr. Irwing, the only person that could help me will be the Judge Kim Christoper. So, at my hearing with Judge Christoper she denied my petition to be seen by a specialist outside the

jail, concerning my strong liver pain, which was located in the City of Missoula, MT.

The facts of all these are in my court transcripts in Lake County. According with the latest test in this facility made, my liver condition is worthless. Dr. Irvwn refuse to help me with painful liver pain. He not even bother to make a simple blood test. Dr. Irwin did nothing.

(Document 18–Amended Complaint, pp. 1-2).

Plaintiff completely failed to follow the Court's instructions on correcting the deficiencies with his medical care claim. Although given specific instructions to do so, Plaintiff failed to explain when and how he requested medical care from Dr. Irwin, the response to his medical requests, what care he received, what care he alleges he should have received, and the harm caused by the lack of medical care.

The Eighth Amendment requires that prisoners receive the provision of basic medical care. *Helling v. McKinney*, 509 U.S. 25, 32, 113 S.Ct. 2475, 2480, 125 L.Ed.2d 22 (1993); *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L.Ed.2d 251 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992) *citing Estelle, overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997). However, a prison is not required by the Eighth Amendment to give a prisoner medical care that is as good as he would receive if he were a free person. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir.1990). He is entitled only to minimum care. *Hudson v. McMillian*, 503 U.S. 1, 9, 112 S.Ct. 995, 1000, 117 L.Ed.2d 156 (1992); *Wellman v. Faulkner*, 715 F.2d 269, 271 (7th Cir.1983); *Harris v. Thigpen*, 941 F.2d 1495, 1504 (11th Cir.1991); *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir.1988). There is, "no general constitutional right to free health care." *Reynolds v. Wagner*, 128 F.3d 166, 173 (3rd Cir.

1997).

To state an arguable section 1983 claim for failure to provide medical care, a prisoner

must allege that defendants' "acts or omissions [were] sufficiently harmful to evidence a

deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976);

*Toussaint v. McCarthy*, 801 F.2d 1080, 1111 (9th Cir. 1986), *cert. denied*, 481 U.S. 1069 (1987).

> Where a prison medical staff has acted based on a
>
> medical judgment that either of two alternative courses of treatment would be medically
> acceptable under the circumstances, plaintiff has failed to show deliberate indifference, as
> a matter of law.

*Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).  Instead, a plaintiff must show that the

course of treatment chosen by the doctor was medically unacceptable under the circumstances,

and that the course was chosen "in conscious disregard of an excessive risk to plaintiff's health."

*Id.* (citations omitted).

Additionally, a defendant's mere delay in providing medical treatment will not constitute

deliberate indifference unless the delay was harmful. *McGuckin*, at 1059-60 *quoting Shapley v.*

*Nevada Board of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam).

Although the harm need not be substantial, the seriousness of the harm caused by the delay when

the defendant could have acted to prevent the harm is indicative of deliberate indifference.

*McGuckin*, at 1060.  Isolated incidents relative to a plaintiff's overall treatment suggest no

deliberate indifference.  *Id.*  However, repeated failures, or a single egregious failure indicates

deliberate indifference.  *Id.* at 1060-61.

A dispute between a prisoner and prison officials over the necessity for or extent of

medical treatment does not raise a claim under § 1983. *Shields v. Kunkel*, 442 F.2d 409, 410 (9th

Cir. 1971); *Mayfield v. Craven*, 433 F.2d 873 (9th Cir. 1970); *McKinney v. People of State of*

*Cal.*, 427 F.2d 160 (9th Cir. 1970); *Franklin v. State of Oregon, State Welfare Division*, 662 F.2d

1337, 1344 (9th Cir. 1981). *See also Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989)

(difference of medical opinions). "Society does not expect that prisoners will have unqualified

access to health care[.]" *Hudson v. McMillian*, 503 U.S. 1, 112 S.Ct. 995, 117 L.Ed.2d 156, 167

(1992). Therefore, an inmate does not have the same unrestricted choice in receiving medical

treatment as he would if he were not incarcerated. "The 'routine discomfort' that results from

incarceration and which is 'part of the penalty that criminal offenders pay for their offenses

against society' does not constitute a 'serious' medical need." *Doty v. County of Lassen*, 37 F.3d

540, 546 (9th Cir. 1994) *citing McGuckin v. Smith, supra*, 974 F.2d at 1059.

The only care that Plaintiff seems to allege that he did not receive is treatment from an

outside specialist. However, Plaintiff did not explain what he requested from Dr. Irwin. As set

forth in Plaintiff's original Complaint, it appears that he was only denied the care he wanted (i.e.

to be seen by a specialist) and not the care he needed. Plaintiff gives no explanation of what

additional care he should have received aside from being taken to a specialist. This is

insufficient to state an Eighth Amendment denial of medical care claim.

## C. Lake County Sheriff's Department

In his original Complaint, Plaintiff failed to state specific allegations against the Sheriff's

Department.[1] Plaintiff was specifically instructed that in order to establish liability against the

---

[1]As the Court previously noted, Plaintiff used the Lake County Sheriff and the Lake County
Sheriff's Department interchangeably in the body of his initial Complaint. Plaintiff was instructed

ORDER AND FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE TO
DISMISS COMPLAINT - CV-07-081-M-DWM-JCL / PAGE 8

Sheriff's Department he needed to show that his constitutional rights were violated pursuant to a policy, practice, or custom of the County. *Monell v. Dept. of Social Services*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *City of Canton v. Harris*, 489 U.S. 378, 388, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). Plaintiff made no such allegations in his Complaint or in his Amended Complaint.

Instead, Plaintiff made allegations regarding the failure of Judge Christopher to reduce his bail and about a search at his girlfriend's residence. These allegations are insufficient to state a claim against the Sheriff's Department.

### D. Remaining Defendants

Finally, the remaining defendants are not proper defendants in this matter. Judges Christopher and Wall are entitled to judicial immunity because judges are absolutely immune from liability for their judicial acts. *Butz v. Economou*, 438 U.S. 478 (1978); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction." *Pierson v. Ray*, 386 U.S. 547, 553-554 (1967). Judge Christopher's decisions regarding bail and Plaintiff's medical care and Judge Wall's decisions in setting Plaintiff's bail are clearly within the Judges' judicial jurisdiction. Therefore, Judges Christopher and Wall have absolute immunity from damages.

---

that if he intended to name the Lake County Sheriff he must clearly indicate as such in the caption of the amended complaint and in the parties section of the amended complaint. In his Amended Complaint, Plaintiff lists the Lake County Sheriff (detention center) in the caption of his Amended Complaint. In the parties section, Plaintiff bracketed Defendants Wall, Christopher Long and Irwin with the notation "Lake County Sheriff."

Similarly, Defendant Long is entitled to prosecutorial immunity. A state prosecutor is entitled to absolute immunity from liability under § 1983 for violating a person's federal constitutional rights when he or she engages in activities "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman,* 424 U.S. 409, 430 (1976). Specifically, "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Id.* at 431. Defendant Long is entitled to absolute immunity.

Finally, Plaintiff's criminal defense attorney, Larry J. Nistler, is not a state actor. The Ninth Circuit has held that by virtue of the Supreme Court's decision in *Polk County v. Dodson,* 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981), public defenders are not state actors within the meaning of § 1983 when performing traditional lawyer duties. *Miranda v. Clark County,* 319 F.3d 465, 468 (9th Cir. 2003)(en banc). Plaintiff cannot state a § 1983 claim for damages against his criminal defense lawyer because there would be no state action. *See also Cox v. Hellerstein,* 685 F.2d 1098, 1098-99 (9th Cir. 1982) (dismissing a suit against a federal public defender for lack of subject matter jurisdiction).

While the Court has considered giving Plaintiff an additional opportunity to amend his Complaint, in light of the clarity of instructions given in the Court's prior Order and Plaintiff failure to correct the deficiencies discussed, the Court is going to recommend that Plaintiff's Complaint should be dismissed.

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g). The Court is

going to designate this case as a "strike" under this provision because Plaintiff's allegations fail to state a claim. For this same reason, the Court will certify that any appeal of this matter would not be taken in good faith. That is, the issues raised in this matter are frivolous.

Based upon the foregoing, the Court issues the following:

## ORDER

Plaintiff's Motion for Appointment of Counsel set forth in his Amended Complaint (Document 18) is **DENIED.**

Further, the Court issues the following:

## RECOMMENDATION

1. Plaintiff's Complaint (Document 2) and Amended Complaint (Document 18) should be **DISMISSED.**

2. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(3)(1) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. Plaintiff's claims are so frivolous that no reasonable person could suppose that an appeal would have merit.

4. The Clerk of Court should be directed to enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

5. At all times during the pendency of this action, Plaintiff SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date. Such notice shall be

ORDER AND FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE TO DISMISS COMPLAINT - CV-07-081-M-DWM-JCL / PAGE 11

captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date, except that if Plaintiff has been released from custody, the notice should so indicate. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing. Thereafter, a district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge.

DATED this __20th__ day of June, 2008.

Jeremiah C. Lynch
United States Magistrate Judge

ORDER AND FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE TO DISMISS COMPLAINT - CV-07-081-M-DWM-JCL / PAGE 12