
**FILED**

AUG 0 1 2008

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| TOMAS RAMIREZ, a/k/a PEDRO RIVERA, a/k/a DENNIS GONZALEZ,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>LAKE COUNTY SHERIFF DEPARTMENT, DOCTOR IRWIN, and DON BELL,<br><br>　　　　Defendants. | CV 07-81-M-DWM-JCL<br><br><br><br><br>ORDER |

Plaintiff Ramirez, a federal prisoner proceeding pro se, has filed an Amended Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights stemming from his arrest and incarceration in Lake County, Montana. United States Magistrate Judge Jeremiah C. Lynch conducted preliminary screening of the Complaint and concluded that it failed to state a claim upon which relief may be granted. Judge Lynch explained the deficiencies and instructed the Plaintiff to file an amended complaint to address them. The Amended Complaint alleges that Defendant Bell falsely accused and arrested the Plaintiff and

that the other Defendants denied him medical treatment and illegally searched his girlfriend's residence.

Judge Lynch has now conducted preliminary screening of the Amended Complaint, and recommends that it be dismissed for failure to state a claim. Judge Lynch explains that the allegations against Defendant Bell mirror claims brought against Bell in an earlier lawsuit and are barred under the doctrine of res judicata. Regarding the claim for denial of medical care, Judge Lynch concludes that the Plaintiff has failed to allege facts supporting his Eighth Amendment claim, despite having received explicit instructions to state when and how he requested medical care, the response to his requests, what care he received, what care he alleges he should have received, and the harm caused by the lack of medical care.

Judge Lynch finds that the Plaintiff's allegations that Judge Christopher should have reduced his bail and that his girlfriend's residence was improperly searched do not state a claim against the Lake County Sheriff's Department. As for the remaining Defendants named in the Amended Complaint, Judge Lynch concludes that they are not proper defendants in this matter. Judges Christopher and Wall are entitled to judicial immunity, while Defendant Long is entitled to prosecutorial immunity. Plaintiff's criminal defense attorney, Defendant Nistler, is not a state actor and therefore cannot be sued under § 1983.

Plaintiff Ramirez timely objected, thereby preserving his right to de novo review of the record. 28 U.S.C. § 636(b)(1).

In his objections Ramirez argues that he should be provided a lawyer, makes a conclusory argument that his claim against Defendant Bell is different from the one raised in his earlier lawsuit, and disagrees with Judge Lynch's conclusions relating to the claims against the Lake County Sheriff's Department and Defendant Irwin. None of the points raised in the objections call into question the legal or factual bases for Judge Lynch's conclusions. Upon de novo review, I agree with Lynch's Findings and Recommendations and adopt them in full.

Accordingly, IT IS HEREBY ORDERED that the Complaint and Amended Complaint are DISMISSED, and this dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

The Court hereby certifies pursuant to Fed. R. App. P. 24(3)(1) that any appeal of this decision would not be taken in good faith.

DATED this 1st day of August, 2008.

Donald W. Molloy, District Judge
United States District Court